United States District Court
Southern District of Texas
**ENTERED**
October 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Brenda F. Graham,<br>    Plaintiff,<br><br>v.<br><br>Houston Methodist The<br>Woodlands Hospital, et al.<br>    Defendants. | Civil Action H-20-4184 |

# Report and Recommendation

Plaintiff Brenda F. Graham sued several hospitals in her individual capacity and as the representative of her deceased husband's estate. She alleges medical malpractice. The Houston Methodist Woodlands Hospital (Methodist) filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (D.E. 22.) The court permitted Graham to amend her complaint (D.E. 25), which she did (D.E. 27). Methodist again moved to dismiss raising the same arguments. (D.E. 28.) Graham did not respond to the motion to dismiss. Because Graham and Methodist are both citizens of Texas for purposes of the jurisdictional analysis, the court recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction.

At the outset, the court notes that because Graham failed to respond to the motion to dismiss, it is deemed unopposed. *See* S.D. Tex. L.R. 7.4. Because the motion is dispositive of the case in this court, relief should not be granted "simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (so concluding in the context of an unopposed summary judgment motion). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. *Cf. Eversley v. MBank Dallas*, 843 F.2d

172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion). Thus, the court takes as true the matters alleged in the pending motion.

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

On the civil cover sheet accompanying Graham's Amended Complaint, she checked the boxes indicating that subject matter jurisdiction is predicated on both the existence of a federal question and diversity of citizenship. (D.E. 27-1.) The Amended Complaint

contains no information to support the existence of a federal question. The court turns to diversity of citizenship.

For diversity jurisdiction to apply, the citizenship of no plaintiff may be the same as that of any defendant "at the time the complaint was filed." *See Soaring Wind Energy, L.L.C*, 946 F.3d at 750; *Settlement Funding, L.L.C.*, 851 F.3d at 536 (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.").

Graham alleges that "[t]he Defendants are corporations that are registered in Texas[.]" (D.E. 27 at 1.) Methodist does not dispute that it is a citizen of Texas. Graham is suing in her individual capacity and as the representative of her deceased husband. (D.E. 27.) In her representative capacity, she is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Methodist claims that Graham's husband was a citizen of Texas when he passed away. Graham does not dispute this, so the court takes it to be true. Because both Graham and Methodist are citizens of Texas, complete diversity is lacking and this court does not have jurisdiction.

The court recommends that the motion to dismiss (D.E. 28) be granted and that this action be dismissed without prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 5, 2021.

_____
Peter Bray
United States Magistrate Judge